ATTORNEY GENERAL HENRY HAS RECEIVED YOUR REQUEST FOR AN OFFICIAL OPINION ON THE FOLLOWING QUESTION:
 11 O.S. 27-122(A)(1) (1981) PROVIDES THAT IF A DEFENDANT WHO IS FINANCIALLY ABLE REFUSES OR NEGLECTS TO PAY A FINE OR COSTS OR BOTH, PAYMENT MAY BE ENFORCED BY IMPRISONMENT UNTIL THE SAME SHALL BE SATISFIED AT THE RATE OF $5.00 PER DAY. MAY A MUNICIPALITY ALLOW A GREATER MONETARY CREDIT THAN IS PRESCRIBED IN THE STATUTE?
ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR REQUEST AS IT APPEARS THAT YOUR QUESTION MAY BE ANSWERED BY REFERENCE TO THE OKLAHOMA STATUTES, A FORMAL OPINION IS UNNECESSARY. HOWEVER, I HOPE THAT YOU WILL FIND THE FOLLOWING INFORMAL DISCUSSION HELPFUL.
11 O.S. 27-122 WAS ORIGINALLY ENACTED IN 1977. OKLA. SESS. LAWS 1977, C. 256, 771. THE ORIGINAL STATUTE ALLOWED FOR A FINE TO BE ENFORCED BY IMPRISONMENT AT THE RATE OF $2.00 PER DAY. IN 1980, THE STATUTE WAS AMENDED TO INCREASE THE AMOUNT TO $5.00 PER DAY. OKLA. SESS. LAWS 1980, C. 247, P. 594. THE STATUTE WAS ONCE AGAIN AMENDED IN 1987. THE 1987 AMENDMENT, PROVIDED ANOTHER ALTERNATIVE FOR THE ENFORCEMENT OF A FINE AGAINST A DEFENDANT WHO IS FINANCIALLY ABLE TO PAY. SECTION 27-122(A) AS AMENDED STATES:
 "IF A DEFENDANT WHO IS FINANCIALLY ABLE REFUSES OR NEGLECTS TO PAY A FINE OR COST OR BOTH, PAYMENT MAY BE ENFORCED:
 1. BY IMPRISONMENT UNTIL THE SAME SHALL BE SATISFIED AT THE RATE OF FIVE DOLLARS ($5.00) PER DAY; OR
 2. IN THE SAME MANNER AS IS PRESCRIBED IN SUBSECTION B OF THIS SECTION FOR A DEFENDANT WHO IS WITHOUT MEANS TO MAKE SUCH PAYMENT."
SUBSECTION B OF 11 O.S. 27-122(B) ALLOWS THE JUDGMENT TO BE ENTERED UPON THE DISTRICT COURT DOCKET AND ENFORCED AS OTHER JUDGMENTS. OKLA. SESS. LAWS, C. 173, P. 728.
BECAUSE THE STATUTE CONTAINS THE WORD "SHALL" ("SHALL BE SATISFIED AT THE RATE OF . . .), THERE APPEARS TO BE NO DISCRETION ON THE PART OF THE MUNICIPALITY AS TO THE RATE AT WHICH A FINE MAY BE ENFORCED BY IMPRISONMENT. THE RULE THAT IN STATUTORY CONSTRUCTION THE WORD "SHALL" CONNOTES A MANDATORY DUTY IS WELL SETTLED. TRB CORP. V. EDMONDSON, 630 P.2D 1296 (OKLA. 1981). IN ADDITION, WHERE THE LANGUAGE OF A STATUTE IS PLAIN AND UNAMBIGUOUS, THERE IS NO ROOM FOR CONSTRUCTION AND NO JUSTIFICATION FOR INTERPRETIVE DEVICES. HERE THE STATUTE NOT ONLY CONTAINS THE MANDATORY "SHALL," BUT CONTAINS NO OTHER WORDING WHICH WOULD RENDER THE STATUTE AMBIGUOUS.
THEREFORE, IT IS THE OPINION OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL THAT A MUNICIPALITY GOVERNED BY 11 O.S. 27-122 MAY NOT ALLOW A GREATER MONETARY CREDIT THAN THAT PRESCRIBED IN THE STATUTE. IN RESPONDING TO YOUR REQUEST I HAVE ASSUMED THAT THE MUNICIPALITY IN QUESTION IS SUBJECT TO 11 O.S. 27-122 (1989).
(SHARON K. O'ROKE)